*STATE EX REL. NORTH BEND VIL. SCH. DIST. v. MT. NEBO SPEC. SCH. DIST. ET AL.

1. WHEN TOWNSHIP BOARD OF EDUCATION MAY BE COMPELLED TO MAKE APPROPRIATION FOR HIGH SCHOOL.

A township board of education may, under Sec. 4009-15 Rev. Stat. which provides for the establishment and maintenance of joint township high schools, be compelled to appropriate its proportionate share of expense of the maintenance of such school from the tuition or contingent fund provided for by such section; but it cannot be compelled to make the appropriation from a levy made for a subsequent year.

2. LIMIT OF SCHOOL LEVY.

The levy, under Sec. 3959 Rev. Stat. for all school purposes, is limited to twelve mills, and if the estimate and certificate of the board of education is insufficient the remedy is by application to the county commissioners under Sec. 3969.

[For other cases in point, see 7 Cyc. Dig., "Schools and School Districts," §§ 286-293.—Ed.]

MANDAMUS.

Louis A. Ireton, W. R. Collins, W. M. Schoenle and G. T. Poor, for plaintiff.

H. J. Buntin, for defendants:

Cited and commented upon the following authorities: *Dye* v. *State,* 73 Ohio St. 231 [75 N. E. Rep. 829]; *State* v. *Board of Education,* 12 Circ. Dec. 337 (21 R. 785); *State* v. *Hamilton Co.* (*Comrs.*) 20 Ohio St. 425; *State* v. *Yeatman,* 22 Ohio St. 546; *State* v. *Cuyahoga Falls*

---

*Affirmed by Supreme Court, without report, May 28, 1907.

(*Bd. of Ed.*) 4 Dec. 329 (3 N. P. 236); *Norman School Dist.* (*Bd. of Ed.*) v. *Blodgett,* 155 Ill. 441 [40 N. E. Rep. 1025; 31 L. R. A. 70; 46 Am. St. Rep. 348]; *Cincinnati* v. *Seasongood,* 46 Ohio St. 296 [21 N. E. Rep. 630]; *Board of Education* v. *Board of Ed.* 41 Ohio St. 680; *Monroe Tp.* (*Bd. of Ed.*) v. *Board of Ed.* 46 Ohio St. 595 [22 N. E. Rep. 641]; *State* v. *Powers,* 38 Ohio St. 54; *State* v. *Shearer,* 46 Ohio St. 275 [20 N. E. Rep. 335]; *State* v. *Spellmire,* 67 Ohio St. 77 [65 N. E. Rep. 619]; *Lehman* v. *McBride,* 15 Ohio St. 573; *State* v. *Constantine,* 42 Ohio St. 437 [51 Am. Rep. 833]; *State* v. *Kennon,* 7 Ohio St. 547; *Root* v. *Board of Ed.* 52 Ohio St. 589 [41 N. E. Rep. 135]; *Bank* v. *Hines,* 3 Ohio St. 1; *Yeazill* v. *State,* 10 Circ. Dec. 794 (20 R. 646); *Williams* v. *Donough,* 65 Ohio St. 499 [63 N. E. Rep. 84; 56 L. R. A. 766]; *Coal Co.* v. *Rosser,* 53 Ohio St. 12 [41 N. E. Rep. 263; 29 L. R. A. 386; 53 Am. St. Rep. 622]; *Hixson* v. *Burson,* 54 Ohio St. 470 [43 N. E. Rep. 1000]; *State* v. *Buckley,* 60 Ohio St. 273 [54 N. E. Rep. 272]; *Bartlett* v. *State,* 73 Ohio St. 58 [75 N. E. Rep. 939].

**GIFFEN, J.**

We find no constitutional, nor other infirmity in Sec. 4009-15 Rev. Stat., which provides that—

"The funds for the maintenance and support of such high school shall be provided by appropriations from the tuition or contingent funds, or both, of each district, in proportion to the total valuation of property in the respective districts, the same to be placed in a separate fund in the treasury of the board of education having control of the school * * * but only for the purposes of maintaining said school."

Hence it was the duty of the board of education of the defendant school district, if it had sufficient funds in the treasury during the year ending September, 1906, to appropriate from the tuition or contingent funds, or both, its proportionate share for the maintenance of such school; but it cannot be compelled to appropriate the same from funds derived from a levy made for a subsequent year, unless it can be done without impairing the general school fund or the efficiency of the common schools.

The levy for all school purposes is limited by Sec. 3959 Rev. Stat., to twelve mills on the dollar of valuation of taxable property of the district, and if the board of education failed to estimate and certify a sufficient amount within the limit, the remedy was an application to the county commissioners under Sec. 3969 Rev. Stat.

Upon the facts in this case, we think the relator not entitled to a writ of mandamus, and the petition will be dismissed.

**Jelke** and **Swing, JJ.,** concur.